# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CRIMINAL NO. 15-36-DLB-CJS**

**UNITED STATES OF AMERICA**                                                       **PLAINTIFF**

**v.**                 **REPORT AND RECOMMENDATION**

**ROBEN CASEY BYKOVNY**                                                **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On April 11, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Roben Bykovny had violated certain conditions of his supervised release. (*See* R. 339). Defendant was present in Court and represented by Attorney David F. Fessler, and the Government was represented by Assistant United States Attorney (AUSA) Elaine K. Leonhard. The proceedings were electronically recorded and are contained in the Court's audio file at KYED-COV_2-15-cr-36-DLB-CJS-20170411-132816; the official record of these proceedings was certified by Linda Tierney, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing, defense counsel informed the Court that Defendant was prepared to admit to the violations set forth in the April 4, 2017, Supervised Release Violation Report and proceed with a determination of an appropriate sentence. After taking Defendant's plea and hearing argument of counsel regarding an appropriate sentence for the admitted violations, the undersigned advised counsel and Defendant that she intended to recommend a term of incarceration of eight (8) months, followed by a new term of supervision in the range of 24 to 30 months. Upon hearing the undersigned's recommendation, counsel for Defendant conferred with

his client and informed that Defendant wished to accept the recommendation and waive his rights to allocute before the District Judge and appeal any sentence insofar as it is consistent with the Report and Recommendation (R&R) of the undersigned. Both parties also waived the 14-day period to file objections to this R&R. Therefore, for the reasons that follow, it will be **recommended** that Defendant's **supervised release be revoked**, and that he be sentenced to a term of imprisonment of **8 months** followed by a **28-month term of supervised release,** with the special condition that immediately upon his release he be placed in a halfway house program for the first 3 months of supervision.

I.     **Background**

On September 10, 2015, a federal grand jury returned an Indictment charging Defendant and eleven others with aiding and abetting co-Defendant Charles Whitney Benson with insurance fraud by cashing checks issued on false claims against automobile insurance policies. (R. 1). While awaiting trial, Defendant was released on an Own Recognizance Bond with conditions. (R. 53; R. 55). On December 28, 2015, Defendant's bond was revoked based on his stipulation that he had violated the terms and conditions of his pretrial release by removing his GPS monitoring unit without permission, absconding supervision, and failing to contact the Warren County Probation Office or the U.S. Pretrial Office in Cincinnati until he was located and arrested on or about October 21, 2015. (R. 136).

On February 25, 2016, Defendant pleaded guilty to three counts of aiding and abetting insurance fraud, in violation of 18 U.S.C. §§ 1033(b)(1)(A) and 2. (R. 181). On May 13, 2016, Defendant was sentenced to time served (the 138 days he had been incarcerated following revocation of his bond) with a 3-year term of supervised release to follow. (R. 240). Defendant was released

from prison immediately following his sentencing and placed on home detention with electronic monitoring for the first 7 months of his supervised release. (R. 235). Defendant reported to the U.S. Probation Office in Cincinnati, Ohio on May 23, 2016, at which time U.S. Probation Officer (USPO) Robert Cooper reviewed the conditions of supervision with Defendant to ensure he understood them. Defendant agreed that he understood the conditions, signed all of the appropriate documents, and was placed on electronic monitoring. (R. 339).

On June 24, 2016, Defendant was administered a drug test which tested positive for Suboxone. (*Id*.). Defendant was not prescribed Suboxone at the time and admitted that he received the Suboxone from a friend to help him with his craving for heroin. (*Id*.). On July 1, 2016, USPO Cooper submitted a petition to the Court recommending the Court take no action against Defendant and instead allow him an opportunity to attend treatment. The Court entered an Order concurring with USPO Cooper's recommendation. (R. 281).

Defendant began to take the necessary steps to obtain treatment but was unable to attend due to issues with transportation and housing. (R. 339, at 2). In October 2016, Defendant did eventually begin a medicine-assisted substance abuse treatment at the Lindner Center of Hope intensive outpatient program.[1] (*Id*.).

---

[1] On March 30, 2017, the Court received a letter from Clifford Cabansag, M.D., on behalf of Defendant, detailing his treatment at the Lindner Center. (R. 335-1). In that letter, Dr. Cabansag makes reference to the fact that Defendant's drug screens "have been occasionally positive for cannabis and cocaine." (*Id*. at 2). At the final hearing, defense counsel informed that his client said Dr. Cabansag's reference to cocaine use is inaccurate and that he had not tested positive for cocaine. Mr. Fessler stated Defendant's fiancé had contacted the Lindner Center to obtain an amended letter correcting the inaccuracy but had not yet received one. In an attempt to complete the record on this issue, the undersigned initially directed USPO Cooper to obtain Defendant's treatment records from the Lindner Center. However, with Defendant's expressed willingness to accept the undersigned's recommendation in this matter, this follow up is no longer necessary.

On March 3, 2017, USPO Cooper submitted a Petition for Warrant for Offender Under Supervision, notifying the presiding District Judge that Defendant had failed to comply with conditions of his supervision and requesting a warrant issue so that Defendant could be brought before the Court to answer the allegations. (R. 332). The presiding District Judge granted the request, and a warrant issued. (R. 332; R. 333). On April 4, 2017, Defendant was arrested in Martinsville, Ohio, and brought before the Court for initial appearance, at which a Final Revocation Hearing was set for April 11, 2017, and Defendant was remanded to custody. (R. 336; R. 338).

As discussed above, at the Final Revocation Hearing, defense counsel informed the Court that Defendant was prepared to admit to the violations contained in the April 4, 2017, Violation Report. Defendant confirmed this was his intention. Prior to taking his plea, the undersigned explained to Defendant the statutory maximum term of incarceration and supervised release as well as the applicable Guidelines range. The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of District Judge Bunning as to the final sentence to be imposed. Defendant acknowledged his understanding and stated that he was prepared to admit to the violations in the Violation Report. Defendant also acknowledged that he understands he will not be permitted to withdraw his admission to the violations if the final sentence should differ from what he seeks.

Accordingly, after being placed under oath, Defendant admitted and entered a guilty plea to the violations of his supervised release as set out in the April 4, 2017, Supervised Release Violation Report of the U.S. Probation Officer. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

**Violation No. 1:** The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any

4

>                   narcotic or other controlled substance, or any paraphernalia
>                   related to such substances, except as prescribed by a
>                   physician. (Grade C violation).

On March 1, 2017, Defendant reported to the U.S. Probation Office in Cincinnati, Ohio and provided a urine specimen which tested positive for marijuana, methamphetamine, and amphetamine. (R. 339, at 2). Defendant admitted to using "ICE" (methamphetamine) the day before with a friend. (*Id.*).

>   **Violation No. 2:**   The defendant shall not commit another federal, state, or local
>                          crime (Grade B violation).

Defendant admitted to using a controlled substance, which is equivalent to possession and therefore considered a violation of federal law, 21 U.S.C. § 844(a).

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the pending supervised release violation charges, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his admissions regarding the charges, and that he enters his admissions to the charges knowingly and voluntarily. Therefore, based upon Defendant's admissions, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged. The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.     Sentencing

### A.     Legal Standard and Sentencing Guidelines

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court must revoke a defendant's supervised release where the defendant is found to have possessed a controlled substance, *see* 18

U.S.C. § 3583(g), or upon a finding of a Grade A or B violation, *see* U.S.S.G. § 7B1.3(a)(1). Application Note 6 to Section 7B1.4 of the Guidelines, however, provides that a court can consider in the case of a defendant with a failed drug test whether the availability of appropriate substance abuse programs warrants an exception from the requirement of mandatory revocation and imprisonment. *See* U.S.S.G. § 7B1.4, app. note 6 (*citing* 18 U.S.C. §§ 3563(a), 3583(d)).

The Court is also mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). Accordingly, in making a determination of an appropriate sentence, the sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guidelines (U.S.S.G.) Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered. The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

Here, classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 2 years, his underlying offense being a Class C Felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline § 7B1.4(a) suggests a revocation range of imprisonment of 8 to 14 months, based upon Defendant's criminal history category of III and his highest admitted violation being a Grade B violation. In addition, Defendant may be placed back on a new term of supervised release. Here, the maximum term of further supervised release under the statute would be 3 years less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. §§ 3583(b), (h).

**B.     Summary of the parties' positions regarding sentencing**

Attorney Fessler initially argued that the Court should sentence Defendant to an inpatient substance abuse treatment program and recommended he be ordered to participate in a program provided at The Healing Place or Second Chance. In support of this request, Attorney Fessler referenced Defendant's nearly life-long struggle with addiction and his need for treatment to address his substance abuse issues. Attorney Fessler further informed that Defendant's family had contacted the above facilities to ensure that Defendant could afford the programs and would be able to start in-patient treatment upon order from the Court. Attorney Fessler also argued that if the Court is not amenable to sentencing Defendant to treatment in lieu of a term of incarceration, an 8-month

sentence is appropriate under the circumstances here. Defense counsel further stated that Defendant would defer to the Court as to a further term of supervised release, as Defendant recognizes he is in need of supervision.

AUSA Leonhard recommended Defendant receive a term of incarceration of 8 months. As grounds for this recommendation, AUSA Leonhard argued that a term of incarceration was necessary to hold Defendant personally accountable for his actions. AUSA Leonhard explained that Defendant has been afforded lenient punishments for his actions in the past and such consequences have not resonated with him. In particular, AUSA Leonhard noted the Defendant received a sentence of time served in the underlying case and then, shortly after his release from incarceration, violated his supervision by testing positive for drugs. Although Defendant was given a break and did not receive any sanctions for that violation, he is now before the Court for similar conduct. While AUSA Leonhard acknowledged that Defendant is in need of treatment for his substance abuse problems, she argued that it is incumbent upon him to avail himself to treatment opportunities and he has far failed to do so. AUSA Leonhard argued that Defendant's actions in this matter demonstrate that treatment alone is an insufficient punishment for his violations.

Defendant addressed the Court and accepted responsibility for his conduct. He admitted that he should have sought treatment instead of turning to drugs. He explained his long history of addiction issues but stated that he now has the motivation to successfully complete a serious drug treatment program. Defendant made reference to the fact that he has surrounded himself with people who will support him in his recovery.[2]

---

[2] On April 10, 2017, Attorney Fessler made a notice filing of a letter of support from Defendant's fiancé, Hayley Montgomery. (R. 340). In the letter, Ms. Montgomery details her relationship with Defendant and the positive strides he has made to overcome his addiction. (R. 340-1). The undersigned reviewed this filing and took it into consideration when rendering the recommendation in this matter.

**III.     Discussion**

Upon consideration of the entire record, including the April 4, 2017, Violation Report, the sentencing materials from the underlying Judgment in this District, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned recommends Defendant be sentenced to an 8-month of incarceration followed by a 28-month term of supervised release, with the special condition that, during the first 3 months of supervision, Defendant successfully participate in a halfway house program.

Defendant's initial request that he not be revoked and instead be sentenced to treatment in lieu of incarceration is not an appropriate sentence in these circumstances. As discussed above, the law requires revocation of supervised release when a Defendant possesses a controlled substance in violation of the conditions of supervised release or upon finding of a Grade A or B violation. In this case, Defendant's supervised release prohibited Defendant from using any controlled substance not prescribed to him. Defendant violated this condition by testing positive for marijuana, methamphetamine, and amphetamine. As Defendant's admitted use of a controlled substance equates to possession of a controlled substance under the law, Defendant was further found to have violated his supervised release by engaging in conduct violative of federal law, which is a Grade B violation. This Court's finding that Defendant committed a Grade B violation of his supervised release by possessing a controlled substance compels revocation. 18 U.S.C. § 3583(g)(1); U.S.S.G. § 7B1.3(a)(1).

While Application Note 6 to Section 7B1.4 of the Guidelines provides the Court with authority to consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the

9

requirement of mandatory revocation and imprisonment, such an exception is not warranted in this case. Defendant's history on supervision demonstrates that a term of incarceration is needed. First, Defendant was released on bond during the pretrial stages of this case and, due to violations of the conditions of his pretrial release, said bond was revoked. Second, Defendant was placed on supervised release in this matter on May 13, 2016. On June 24, 2016, a little over one month after being released, Defendant violated the conditions of his supervision by using a controlled substance not prescribed to him. Although the Court withheld imposing a sanction on Defendant to allow him to participate in treatment, Defendant is now before the Court on violations of his supervised release once again stemming from illegal drug use. Based on these facts, no exception to the requirement of mandatory revocation is warranted.

Further, an 8-month term of incarceration is appropriate under the circumstances. While a term of incarceration is warranted here, a term at the low-end of the Guidelines range is appropriate given Defendant's acceptance of responsibility, admission to the violations, and the fact that this is Defendant's first appearance before the Court for violations of his supervision. The undersigned is mindful that an 8-month term of incarceration for his violations of possession and use of a controlled substance is significant when it is considered that Defendant was originally sentenced to time served, a little over four months, on the underlying charge. However, this term of incarceration is necessary to afford adequate deterrence to Defendant's criminal conduct and to impress upon Defendant the seriousness of abiding by the conditions of his supervised release.

In addition, a 28-month term of supervision to follow with the condition that during the first 3 months Defendant successfully participate in a halfway house program is appropriate under these circumstances. Defendant is in need of halfway house structure to facilitate successfully

transitioning back into society. To be successful on supervision Defendant needs to actively participate in treatment and take advantage of the opportunities and support provided him by the U.S. Probation Office. Further violations, particularly those involving controlled substance abuse, will be a great disappointment and will not be looked upon favorably by the Court.

As previously noted, at the conclusion of the final hearing Defendant expressed his acceptance of the undersigned's recommendation. As such, Defendant executed a waiver of allocution and his right to appeal any sentence insofar as it is consistent with this R&R. Defendant and the Government also waived the period for filing objections to this R&R.

Lastly, Defendant has requested that the Court recommend he be placed at the federal facility in Ashland, Kentucky. The court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

### IV. Conclusion and Recommendations

The undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and knowingly and voluntarily enters his admissions to the violations as charged; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and policy statements, and the presentations of counsel,

**IT IS RECOMMENDED** that:

1. Defendant **Roben Casey Bykovny** be found to have **VIOLATED** the terms of his supervised release as set forth in the April 4, 2017, Violation Report;

2. Defendant's supervised release be **REVOKED;**

3. Defendant be sentenced to the custody of the Attorney General for a term of **EIGHT (8) MONTHS of imprisonment, credit to be given for time served since his detention on the charged violations,** with a 28-month term of supervised release to follow on the same standard and special conditions as previously imposed and the special condition that during the first 3 months of supervised release, Defendant participate in a halfway house program and abide by its rules and regulations; and

4. The Court recommend that the Bureau of Prisons place Defendant at the federal correctional facility located in Ashland, Kentucky, for service of the sentence imposed.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 17th day of April, 2017.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\15-36-DLB Bykovny R&R.wpd