**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL CASE NO. 15-36-DLB-CJS-7

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    **REPORT AND RECOMMENDATION**

ROBEN CASEY BYKOVNY                                                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On April 25, 2018, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Reports that Defendant Roben Casey Bykovny had violated conditions of his supervised release. Defendant was present in Court and represented by David Fessler, and the Government was represented by Assistant United States Attorney Wade Napier. U.S. Probation Officer Robert Cooper was also present for this proceeding.

Upon call of this matter at the Final Revocation Hearing, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to the violations set forth in the January 22, 2018 Violation Report and April 17, 2018 Addendum and, in exchange, the Government agreed to a recommended sentence of 14 months of imprisonment with no supervised release to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter and, therefore, it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced to a 14-month term of imprisonment, with no supervised release to follow.**

I.      **Procedural Background**

On September 10, 2015, a federal grand jury returned an indictment charging Defendant and eleven others with aiding and abetting co-Defendant Charles Whitney Benson with insurance fraud by cashing checks issued on false claims made against automobile insurance policies. (R. 1). While awaiting trial, Defendant was released on an Own Recognizance Bond, with conditions. (R. 53; R. 55). On December 28, 2015, Defendant's bond was revoked based on his stipulation that he had violated the conditions of his pretrial release by removing his GPS monitoring unit without permission, absconding supervision, and failing to contact the Warren County Probation Office or the U.S. Pretrial Office in Cincinnati until he was located and arrested on or about October 21, 2015. (R. 136).

On February 25, 2016, Defendant pleaded guilty to three counts of aiding and abetting insurance fraud, in violation of 18 U.S.C. § 1033b(1)(A) and § 2. (R. 181). On May 13, 2016, Defendant was sentenced to time served (the 138 days he had been incarcerated following revocation of his bond) with a 3-year term of supervised release to follow. (R. 240). Defendant was released from prison immediately following his sentencing and placed on home detention with electronic monitoring for the first seven months of his supervised release. (R. 235). Defendant reported to the U.S. Probation Office in Cincinnati, Ohio on May 23, 2016, at which time U.S. Probation Officer Robert Cooper reviewed the conditions of supervision with Defendant to ensure he understood them. Defendant agreed that he understood the conditions, signed all of the appropriate documents, and was placed on electronic monitoring. (R. 339).

On June 24, 2016, Defendant was administered a drug test which returned positive for suboxone. (*Id.*). Defendant was not prescribed suboxone at the time and admitted that he received the suboxone from a friend to help him with his craving for heroin. (*Id.*). On July 1, 2016, Officer

2

Cooper submitted a petition to the Court recommending the Court take no action against Defendant and instead allow him an opportunity to attend treatment. The Court entered an Order concurring with the Probation Officer's recommendation. (R. 281).

Defendant began to take the necessary steps to obtain treatment, but was unable to attend due to issues with transportation and housing. (R. 339, at 2). In October 2016 Defendant did eventually begin medicine-assisted substance abuse treatment at the Lindner Center of Hope intensive outpatient program. (*Id.*). In April 2017 Defendant was brought before this Court on allegations that he had violated the terms of his supervised release by testing positive for marijuana, methamphetamine, and amphetamine as well as being in possession of those substances. Defendant subsequently admitted at the final revocation hearing to using methamphetamine the day prior to his March 1, 2017 drug testing at the U.S. Probation Office in Cincinnati. The undersigned issued a Report and Recommendation (R. 343) and the presiding District Judge on April 17, 2017, found Defendant to be in violation of the terms of his supervised release, which was ordered revoked. (R. 344). Defendant was sentenced to an 8-month term of imprisonment, with a 28-month term of supervised release to follow. (R. 344; R. 345). Defendant was to serve the first three months of supervised release at a halfway house as directed by the U.S. Probation Office. (*Id.*).

Defendant was released from custody on December 1, 2017 to commence his 28-month term of supervised release. He was released from Bureau of Prisons custody to the Talbert Halfway House program. On January 22, 2018 Probation Officer Cooper submitted a Petition for Warrant for Offender Under Supervision, notifying that Defendant had not complied with certain conditions of his supervised release. (R. 351). Officer Cooper recommended that a warrant issue for Defendant's arrest. A warrant was issued, and Defendant was brought before the undersigned to answer for the alleged violations. (R. 353; R. 354).

Defendant now stands before this Court charged with three violations of his supervised release conditions. These violation charges were presented to the Court via the Probation Officer's January 22, 2018 Violation Report (R. 355) and April 17, 2018 Addendum (R. 358). As discussed above, during the Final Revocation Hearing counsel informed the Court that the parties had reached an agreement: Defendant was prepared to admit to the violations as set forth in the Violation Report and Addendum, and the parties agreed on a recommended sentence of 14 months with no supervision to follow.

At his initial appearance, the undersigned explained to Defendant the statutory maximum terms of incarceration and new term of supervised release as well as the applicable Sentencing Guidelines range. The undersigned further explained during the Final Hearing that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of Judge Bunning as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to the violations set forth in the Reports of the U.S. Probation Office. Specifically, Defendant admitted to the following violations of his supervised release and the factual circumstances set forth below:

> **Violation No. 1**: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. (Grade C violation)

Upon his release by the BOP, Defendant was instructed to report to the Warren County Pretrial Office weekly to address three charges for which he had been indicted on March 20, 2017 in the Warren County Common Pleas Court. Defendant had been charged with Possession of Drugs (F5), Drug Abuse Instrument (M1), and Possession of Drug Paraphernalia (M4). Officer Cooper spoke with the Defendant's Warren County pretrial officer and was informed Defendant was

reporting to her office weekly until his trial date was set. On January 9, 2018 Defendant reported to the Warren County pretrial office and provided a urine screen that tested positive for methamphetamine. Defendant was arrested by the Warren County pretrial office and terminated from the Talbert Halfway House program on January 9.[1] On January 10, 2018 the Warren County pretrial officer contacted Officer Cooper and informed of the positive drug screen and Defendant's arrest. The pretrial officer informed Office Cooper that Defendant was contesting the positive drug screen and would be held in custody until the results could be verified by the laboratory. On January 18, 2018 the laboratory results were positive for methamphetamine. Defendant was scheduled for a January 25, 2018 trial in Warren County, and remained in the Warren County Jail. On March 28, 2018 Defendant was sentenced to three years of community control and required to serve 90 days after being convicted of the underlying charges in the Warren County Common Pleas Court. Defendant was released to the federal supervision warrant following his service of that sentence and then appeared before this Court.

At Final Revocation Hearing, Defendant admitted to having tested positive for methamphetamine upon drug screen performed January 9, 2018 and admitted that his use of methamphetamine violated the above condition of his federal supervision.

**Violation No. 2:** You shall not commit another federal, state, or local crime.
(Grade B violation)

Defendant admitted that having used methamphetamine, he was also in possession of methamphetamine on or about January 9, 2018. Under Sixth Circuit precedent, use is equivalent to

---

[1] Defendant's termination summary from the Talbert House indicated he had two minor infractions while in that program; being in possession of alcohol on December 6, 2017 and failing to attend a substance abuse group meeting on December 29, 2017.

possession. Therefore, given Defendant's criminal history, his possession of methamphetamine is considered a violation of federal law, 21 U.S.C. § 844(a).

  **Violation No. 3:**  The defendant shall serve the first three months of supervised release in a halfway house program. (Grade C violation)

Upon release by the Bureau of Prisons, Defendant reported to the Talbert Halfway House program. On January 9, 2018, after testing positive for methamphetamine and being arrested by the Warren County pretrial office, Defendant was unsuccessfully terminated from the Talbert Halfway House program.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations charged, has had ample opportunity to consult with counsel, and enters his admissions to the charges knowingly and voluntarily. Therefore, based on Defendant's admission to these violations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged. Defendant has waived his right to allocute before the District Judge and his right to appeal to the extent his final sentence is consistent with this Report and Recommendation.

**II. Sentencing**

Defendant having admitted to violating his supervised release, the question of appropriate sanctions for the violations is presented. The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable policy statements in the Sentencing Guidelines, *see United States*

*Sentencing Commission Guidelines Manual,* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a), must be considered.[2]

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 2 years, the underlying offense being a Class C felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 8 to 14 months, based upon Defendant's criminal history category of III and his highest admitted violation being a Grade B violation. In addition, Defendant may be placed back on a new term of supervised release. Here, the maximum term of further supervised release under the statute would be 3 years, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. §§ 3583(b), (h).

As explained above, the parties have agreed to a recommended sentence of 14 months of incarceration with no supervised release to follow. Probation Officer Cooper confirmed he agrees with the parties' recommended sentence, including the recommendation of no supervision to follow. This is Defendant's second revocation proceeding before the Court and for conduct occurring shortly after his release from incarceration for his first revocation. Therefore, a sanction at the high end of the Guidelines range is appropriate. An upward deviation, however, is not warranted given that the Defendant has accepted responsibility for his conduct. In addition, and as evident from a review of the facts surrounding Defendant's prior and current revocation proceedings and his conduct associated with the violations of his supervision, Defendant continues to have difficulty conforming his behavior to the requirements of supervised release. Although treatment and the structure of the halfway house have been made available to him, Defendant continues to struggle with availing

---

[2] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See* 18 U.S.C. § 3583(e); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

himself of the rehabilitation benefits that the U.S. Probation Office can provide. Thus, an additional term of supervision would not be an effective use of the limited resources and services of the U.S. Probation Office.

Lastly, Defendant has requested that the Court recommend he be placed at the federal facility in Manchester, Kentucky or, in the alternative, at a federal facility near the Greater Cincinnati area. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

### III. Conclusion and Recommendations

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

1) Defendant **Roben Casey Bykovny BE FOUND** to have **violated** the terms of his supervised release as set forth in the January 22, 2018 Violation Report (R. 355) and April 17, 2018 Addendum (R. 358);

2) Defendant's supervised release **BE REVOKED;**

3) Defendant **BE SENTENCED** to the custody of the Attorney General for a term of imprisonment of **14 months, with credit for time served since his detention on the supervised release violation charges, and with no supervised release to follow;** and

4) Defendant's sentence, if possible, **BE SERVED** at FCI Manchester or at a federal facility near the Greater Cincinnati area.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration of the Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 15th day of June, 2018.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\15-36 Bykovny 2d revocation R&R.wpd